NORTH CAROLINA NATIONAL BANK, a NATIONAL BANKING ASSOCIATION v. CHARLES F. SHARPE AND WIFE, BETTY R. SHARPE

No. 7722SC220

(Filed 21 February 1978)

**Uniform Commercial Code § 78— default—debtors' demand that secured party take collateral—no obligation of secured party**

Plaintiff who was the assignee of a note and purchase money security agreement on a mobile home purchased by defendants was not under an obligation to take possession of the collateral after default upon request or demand of defendant debtor. G.S. 25-9-501(1).

APPEAL by defendant from *Collier, Judge*. Judgment entered 5 January 1977 in Superior Court, IREDELL County. Heard in the Court of Appeals 18 January 1978.

Plaintiff's complaint alleges that as assignee of a note and purchase money security agreement on a mobile home purchased by defendants on 11 September 1973 from United Mobile Homes of America, Inc., it had repossessed and sold the collateral at public sale in 1976, following defendants' default in 1974, leaving a deficiency of $10,433.17, which defendants have refused to pay.

Defendants in their answer made a general denial, and by counterclaim alleged defects in the home, that they obtained an uncollectible judgment against United Mobile Homes, that they had, on numerous occasions during and since 1974, demanded that plaintiff take possession of the mobile home, but that plaintiff failed and refused to do so, and for this failure of plaintiff to mitigate damages the defendants were entitled to recover $10,000.

Plaintiff's reply generally denied the counterclaim.

Plaintiff moved for summary judgment. Both parties filed affidavits which in general supported the pleadings.

Defendants appeal from summary judgment for plaintiff.

*Chamblee and Gourley by Robert H. Gourley for plaintiff appellee.*

*West, Groome, Tuttle & Thomas by Carroll D. Tuttle for defendant appellees.*

CLARK, Judge.

This appeal raises a single issue: Is the secured party under an obligation to take possession of the collateral after default upon request or demand of the debtor? In the case before us the evidence relating the debtor's demand that the secured party take possession is conflicting, raising a question of fact. Thus, in determining whether plaintiff's motion for summary judgment was properly granted, we assume as a fact that such demand was made.

If the plaintiff secured party had an obligation to take possession after default upon demand of the defendant debtors, there would be merit to the defendants' argument that plaintiff was liable for any loss caused by his failure to meet this obligation. G.S. 25-1-106(1) provides that the remedies "shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed . . . ." Subsection (2) of the same section states: "Any right or obligation declared by this chapter is enforceable by action" unless expressly otherwise provided or limited in the provision itself.

The answer to the issue before us is determined primarily by G.S. 25-9-501(1):

> "When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this part and except as limited by subsection (3) those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. If the collateral is documents the secured party may proceed either as to the documents or as to the goods covered thereby. A secured party in possession has the rights, remedies and duties provided in § 25-9-207. The rights and remedies referred to in this subsection are cumulative."

Under this statute, on default the secured party *may* reduce his claim to judgment *or* otherwise enforce the security interest by any available judicial procedure.

The secured party *may* reduce his claim to judgment and levy execution on the collateral based on the judgment, and the lien relates back to the dates of the perfection of the security in-

terest. A judicial sale pursuant to the execution is a foreclosure by judicial procedure, and the secured party may purchase at the sale. G.S. 25-9-501(5).

On default the secured party has the right to take possession of the collateral unless otherwise agreed. G.S. 25-9-503. The obligation of the secured party while in possession is specified by G.S. 25-9-207. But the right of the secured party to take possession does not impose an obligation to take possession upon demand of the debtor. If so, the alternative remedies provided the secured party by G.S. 25-9-501(1) would be meaningless. And the obligations of the secured party to secure and protect the collateral as required by G.S. 25-9-207 are not applicable unless and until the party has exercised his right of possession.

We find that plaintiff had no duty to take possession of the collateral upon demand of defendant, and that plaintiff was not liable in damages for failure to do so. The summary judgment for plaintiff is

Affirmed.

Judges MORRIS and MITCHELL concur.